UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 2:19-cv-00256-NT<br>) |
| KAREN E. GREENLEAF, | ) Re: 42 Plummer Drive<br>) Raymond, ME 04071 |
| Defendant, | )<br>) Mortgage: May 11, 2007 |
| MIDLAND FUNDING LLC | ) Book 25116, Page 105<br>) |
| Interested Party, | )<br>) |
| LUMINA MEDIA, LLC | )<br>) |
| Interested Party. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO SEAL**

Plaintiff, Federal National Mortgage Association ("**FNMA**"), seeks to foreclose on real property owned by Defendant Karen E. Greenleaf ("**Greenleaf**") and located at 42 Plummer Drive, Raymond, ME 04071 ("**Raymond Property**"). Before me are several motions by the Plaintiff. For the reasons stated below, the Plaintiff's motion for default judgment as to Defendant Greenleaf (ECF No. 32) is **GRANTED**; the Plaintiff's motion for default judgment as to Midland Funding LLC (ECF No. 24) is **GRANTED**; the Plaintiff's motion to seal its Memorandum of Law, the affidavit of Marc R. Berninger ("**Berninger Affidavit**"), and the Servicing Rights Purchase and Sale Agreement Between Fannie Mae and SunTrust Mortgage ("**Servicing Agreement**") (ECF No. 35) is **GRANTED in part** and **DENIED in part**; and the

Plaintiff's motion for further hearing (ECF No. 35) is **DENIED**. Pursuant to the Plaintiff's request at the November 12, 2019 hearing, Count II (Breach of Note), Count III (Breach of Contract, Money Had and Received), Count IV (Quantum Meruit), and Count V (Unjust Enrichment) are hereby **DISMISSED**.

I. **Factual Findings**

On November 12, 2019, I held a hearing on FNMA's motions for default judgment. FNMA was represented by John A. Doonan, Esq. None of the other parties appeared.[1] Pursuant to my request at that hearing, the Plaintiff filed supplemental documents on December 12, 2019. (ECF No. 35.)

Based on evidence presented at the hearing and in the supplemental documents, I make the following findings of fact:

- This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.
- Defendant Greenleaf has breached the terms of the Note and has defaulted.
- Plaintiff FNMA sent Defendant Greenleaf notice of default and right to cure in accordance with 14 M.R.S. § 6111.
- The Complaint in this action properly identifies the Raymond Property and was timely filed in the Cumberland County Registry of Deeds.
- All parties have received notice of this action.
- Defendant Greenleaf is not in military service.
- No public utility easements survive the foreclosure.
- The total amount due on Defendant Greenleaf's Note is $619,955.93.

---

[1] Although Lumina Media LLC did not answer, counsel for Lumina Media LLC contacted the Plaintiff's counsel after service and confirmed the amount owed to them. The Plaintiff has stipulated that Lumina Media LLC has not defaulted and that its lien shall be included in the judgment. (ECF No. 25).

- The priority of interests is as follows:

    1. FNMA has first priority in the amount of $619,955.93 pursuant to the Note and Mortgage.

    2. Midland Funding LLC has defaulted.[2]

    3. Lumina Media LLC has an interest in the amount of $3,161.62, as reflected in the Plaintiff's November 4, 2019 stipulation (ECF No. 25).

    4. Defendant Greenleaf has fourth priority.

A Judgment of Foreclosure and Order of Sale will be issued separately.

## II.   Motion to Seal

FNMA has moved to seal its Memorandum of Law (ECF No. 35), the Berninger Affidavit (ECF No. 35-1), and the Servicing Agreement (ECF No. 35-5), all of which were part of the Plaintiff's supplemental filing. There is a common law presumption of public access to "judicial documents," which include "materials on which a court relies in determining the litigants' substantive rights." *United States v. Kravetz*, 706 F.3d 47, 52, 54 (1st Cir. 2013) (internal quotations omitted). However, "[t]hough the public's right of access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id.* at 59 (internal quotations omitted). When faced with a motion to seal, a district court must "carefully balance the presumptive public right of access against

---

[2]  The Clerk filed an entry of default as to Midland Funding LLC on September 23, 2019. (ECF No. 15). Although Midland Funding LLC has defaulted, it may still retain a right of redemption as a junior mortgagee. *See* 14 M.R.S. § 6205 ("When proceedings for the foreclosure of any prior mortgage of real estate have been instituted by any method provided by law, the owner of any subsequent mortgage of the same real estate or of any part of the same real estate may, at any time before the right of redemption from such prior mortgage has expired, in writing, request the owner of such prior mortgage to assign the same and the debt thereby secured to him, upon his paying to the owner of such prior mortgage, the full amount, including all interest, costs of foreclosure and such other sums as the mortgagor or person redeeming would be required to pay in order to redeem.").

3

the competing interests that are at stake in a particular case." *Id.* In addition, when a district court seals a judicial document, it must make particularized findings to support the decision and "articulate on the record [its] reason[ ] for doing so." *Id.* at 60 (internal quotations omitted). Neither the Court nor a party may rely on "conclusory statements" to establish the need to seal. *See id.*; *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987).

I have reviewed each document that the Plaintiff seeks to seal. First, I grant the motion as to the Servicing Agreement. FNMA argues that the Servicing Agreement contains "sensitive and confidential internal business information, including the business trade secrets of the Plaintiff and third parties." Pl.'s Mot. to Seal ¶ 8. FNMA adds that both it and third parties "would suffer economic harm" if the Servicing Agreement was "made available to the public." Pl.'s Mot. to Seal ¶ 9.

I agree that the Servicing Agreement contains extensive details about FNMA's purchase of loan servicing rights from SunTrust Mortgage that are not pertinent to this action, including information about purchase price. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts refuse to permit judicial documents to be used "as sources of business information that might harm a litigant's competitive standing"); *Maine v. Zealandia Holding Co.*, No. 1:13-cv-00471-JAW, 2014 WL 12726291, at *1 (D. Me. Jan. 31, 2014). In addition, the Servicing Agreement's terms indicate that FNMA and SunTrust Mortgage intended that the Agreement's contents remain confidential. The only relevant facts from the Servicing Agreement are that it exists, it was executed on September 12, 2013, and it covers

4

the Defendant's loan. I have reviewed the document and FNMA's supporting affidavit and conclude that those facts are established. The Servicing Agreement shall remain sealed.

However, I deny the motion as it relates to the Memorandum and the Berninger Affidavit. FNMA contends that the Memorandum "contains information relating to, and references to, the Servicing Agreement" and that "Plaintiff and third parties . . . would suffer economic harm if the information contained in the Memorandum regarding the Servicing Agreement and references thereto, were made available to the public." Pl.'s Mot. to Seal ¶¶ 10, 12.

Only two paragraphs of the Memorandum reference the Servicing Agreement. The first paragraph merely restates arguments that FNMA made in open court.[3] *See Kravetz*, 706 F.3d at 63 (noting that defendant's "prior publication of the information that he now seeks to protect" undermined his claim of privacy); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."). The second paragraph provides a little more detail about the Servicing Agreement, noting that it effectuated "the transfer of the over 5,000 loans" and referencing two sections by number. However, it does not contain sensitive or confidential information, such as borrower names, addresses, or loan numbers. Nor does it appear to contain any sensitive

---

[3] The first paragraph states that the Plaintiff has produced a limited power of attorney that authorizes a quitclaim assignment, notes that the power of attorney references the Servicing Agreement, and asserts that the Agreement specifically references the Defendant's loan, adding that the loan numbers and principal balance match. *See* Pl.'s Mem. 3 (ECF No. 35). All of this was discussed in open court.

5

business information regarding the specifics of the Servicing Agreement.[4] FNMA cannot rely on conclusory statements and must specify how disclosure of the Memorandum would cause harm. *See Kravetz*, 706 F.3d at 60–61. Because it has not done so and because I find that nothing in the Memorandum overcomes the strong presumption of public access, I deny the motion to seal as it applies to the Memorandum.

Similarly, FNMA asserts that the "[Berninger] Affidavit . . . contain[s] references to sensitive and confidential information," including borrower information and "the business trade secrets of the Plaintiff and third parties." Pl.'s Mot. to Seal ¶¶ 7, 8. In addition, FNMA contends that the "Plaintiff, and third parties not subject to this litigation, would suffer economic harm if the Affidavit . . . were made available to the public." Pl.'s Mot. to Seal ¶ 9. However, the Berninger Affidavit contains only one reference to the Servicing Agreement:

> Attached hereto as Exhibit D is the Loan Sale Agreement[5] referenced in the Power of Attorney admitted into evidence as a portion of Exhibit 5, which specifically references the subject loan as being governed by the related Loan Sale Agreement and Power of Attorney.

---

[4] FNMA's motion correctly states that the Memorandum "contains information relating to, and references to, the Servicing Agreement." Pl.'s Mot. to Seal ¶ 10. In addition, one of the sections of the Agreement that the Memorandum cites sets forth the confidentiality obligations under the Agreement. To the extent that FNMA is arguing that merely discussing the Agreement's existence and broad terms would violate those obligations, FNMA has already discussed such facts in open court and in publicly filed documents. FNMA cannot assert now that such facts are confidential.

[5] Although Mr. Berninger refers to the agreement as the "Loan Sale Agreement," the actual title of the document is "Servicing Rights Purchase and Sale Agreement."

Berninger Affidavit ¶ 13. FNMA has already asserted as much in open court and in publicly filed exhibits.[6] Nothing in this paragraph or in the rest of the Affidavit contains sensitive, undisclosed information. Thus, the motion to seal the Berninger Affidavit is denied.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Plaintiff's motions for default judgment as to Defendant Greenleaf (ECF No. 32) and Midland Funding LLC (ECF No. 24). The Court further **GRANTS** the Plaintiff's motion to seal the Servicing Agreement (ECF No. 35-5). The Court **DENIES** the Plaintiff's motion to seal the Memorandum (ECF No. 35) and Berninger Affidavit (ECF No. 35-1). The Plaintiff's motion for further hearing is **DENIED** as unnecessary based on this Order. The Court will separately issue a Judgment of Foreclosure and Order of Sale.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 13th day of February, 2020.

---

[6] Specifically, at the hearing, FNMA's witness testified about the Servicing Agreement. *See* Trial Tr. 19:12–19 (ECF No. 34). In addition, the Limited Power of Attorney, which was attached to the Complaint, references the "certain Servicing Rights Purchase and Sale Agreement . . . dated as of September 12, 2013, by and between [SunTrust Mortgage] and Fannie Mae." (ECF No. 1-6).